**Gloria L. PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00947–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 4, 1999.

---

R. Scott Shearer, Houston, for appellant.

Barbara Anne Drumheller, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

We withdraw our opinion of September 16, 1999, and substitute the following.

The state charged the appellant, Gloria L. Perez, by information with the Class B misdemeanor of harassment for making telephone calls to an individual with the intent to abuse and torment him. *See* TEX. PENAL CODE ANN. § 42.07(a)(4) (Vernon Supp.1999). The appellant pled *nolo contendere* and waived her right to trial. The trial court accepted her plea, placed her on adult probation, and agreed to defer adjudication for a period of two years.[1] On appeal to this court, the appellant assigns one point of error in which she contends that she received ineffective assistance of counsel because her trial attorney failed to offer her motion for continuance in writing and under oath so as to preserve the trial court's ruling for appellate review. We affirm.

### BACKGROUND

The state filed charges against the appellant on March 25, 1997. She appeared in court for this offense for the first time on April 7, 1997, and, acting *pro se*, requested the court to reset her case to April

---

1. The period of the appellant's probation was from July 11, 1997 to July 10, 1999.

21, 1997. The court granted her request. On April 21, 1997, the appellant appeared and requested another week long continuance, which the trial court also granted. On April 28, 1997, the appellant requested and received a third continuance to May 23, 1997. When that date arrived, the appellant requested a fourth continuance to May 29, 1997. Again, the trial court granted the appellant's request. When the appellant retained an attorney on May 29, 1997, her counsel requested a continuance to June 4, 1997. The trial court not only granted the fifth continuance, but in response to repeated requests, granted a sixth and seventh continuance,[2] ultimately scheduling trial for July 11, 1997.

When the trial date arrived, the appellant requested another continuance on the stated ground that her trial counsel needed additional time to subpoena witnesses who had authored letters that purportedly were beneficial to the appellant's defense. The appellant testified at the hearing that her trial counsel also needed to obtain telephone records. The record shows that although the appellant retained trial counsel on May 29, 1997, she failed to deliver letters that were in her possession "since the incident happened," to her trial lawyer until just minutes before the July 11, 1997 hearing.

Apparently unable to present the motion for continuance in writing due to time constraints imposed by the appellant's last minute delivery of records and information, the appellant's trial counsel vigorously presented an oral motion to the trial court, requesting additional time based upon the documents he received from the appellant immediately prior to the hearing. The appellant's trial counsel was successful in persuading the trial judge to conduct an *in camera* inspection of the documents prior to ruling on the oral motion for continuance, but the court ultimately denied the motion. Based upon her trial counsel's negotiations, the appellant received two

years' deferred adjudication upon her plea of *nolo contendere*. The appellant's trial counsel persuaded the trial judge to waive community service and supervisory fees in connection with the appellant's probation.

### INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM BASED ON FAILURE TO FILE PROPER MOTION FOR CONTINUANCE

In her sole point of error, the appellant contends that if her trial counsel had preserved error by filing a proper motion for continuance, she would be eligible for relief from this court. The appellant contends that by failing to do so, her counsel rendered ineffective assistance, entitling her to a new trial. We disagree.

If the letters and telephone records the appellant claims she needed for trial were indeed important to the appellant's case, she had ample time and opportunity to deliver those documents to her trial counsel before the hearing on July 11, 1997, in order to prepare a defense, or, alternatively, so that trial counsel could prepare a written and sworn motion for continuance. Even the most efficacious trial attorney must depend on the client to provide factual information that will aid in the defense. Here, the appellant had the pertinent records (letters) and information (need for telephone records) in her possession the entire time and/or the means and opportunity to obtain them, yet she took no action to inform her counsel of these matters until the case was called to trial.

The appellant does not claim to have made any effort to locate or subpoena the records or witnesses she claims to have needed for trial, nor does she assert that she was unaware of the need for or the existence of this evidence until she moved for the eighth continuance. To the contrary, it is clear from the record that she knew of these matters from the beginning, but utterly failed to take any action. While the appellant now claims that her

---

**2.** On June 4, 1997, the trial court granted a continuance to June 25, 1997. On June 25, 1997, the court granted a continuance to July 11, 1997.

trial lawyer rendered ineffective assistance by failing to file a written and sworn motion for continuance in order to preserve error, the evidence in the record shows that it was the *appellant* that demonstrated a complete lack of diligence by failing to timely disclose factual information to her trial counsel. Given these facts, we do not find that the appellant's trial counsel's conduct fell below an objective standard of reasonableness or was deficient.[3] *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The appellant's sole point of error is overruled.

The judgment is affirmed.

3. Because the appellant's motion for continuance was not written and sworn in compliance with the rules, the trial court's ruling denying the motion is not preserved for appellate review. *See Matamoros v. State,* 901 S.W.2d 470, 478 (Tex.Crim.App.1995). Nonetheless, even if error had been preserved, a trial court's decision to refuse a continuance is reversible only where the appellant shows an abuse of discretion. *Id.* After granting seven continuances, it is not surprising that the trial court refused to grant the appellant's request for an *eighth,* especially where there was ample notice of the trial date and an opportunity but failure to obtain the evidence in advance of trial. The complete lack of diligence on the appellant's part undermines any notion that had her lawyer filed a sworn and written motion for continuance, the court's ruling would have been any different. Quite the opposite, the facts forming the stated grounds for continuance, even if reduced to writing and made under oath in accordance with the statute, would not be sufficient to warrant an eighth continuance in this case. On the record presented, we find no abuse of discretion. *See id.* at 479.